O’Neill, J.,
dissenting.
{¶ 65} I must dissent from the lead opinion’s conclusion on the first proposition of law. I cannot accept the proposition that a teenager who is raped by a pastor fits into a preordained formula for damages. Are we really ready to affirm the legislature’s decision to say to a future victim, “We don’t know you, we don’t know the facts of your case, and we don’t know what a duly empaneled jury is going to say, but your damages are a maximum of $500,000?” No parent of a teenage daughter would accept that outcome as being just.
{¶ 66} A plaintiffs damages, in terms of pain and suffering and future medical costs, could be astronomical. Or they could be nothing. Our system of civil justice leaves that question for the jury to decide, not the General Assembly. That is the point: a cookie-cutter approach simply does not work. In this case, a duly empaneled jury heard all the facts and found the damages to be over $3.6 million. By reducing that award to $500,000, the trial court has removed the jury from the process. If the General Assembly can limit damages for claims to $500,000, or $350,000, what would prevent it from limiting damages to $1? Would the court find that result to be constitutional? As stated by Justice Pfeifer in his well-reasoned dissent in Arbino v. Johnson & Johnson, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, ¶ 170, “the General Assembly does not have this power; only the people by the amendment process have this power. After today, what meaning is left in a litigant’s constitutional right to have a jury determine damages?”
{¶ 67} Justice Pfeifer further noted in his dissent in Arbino:
“So long as the trial by jury is a part of our system of jurisprudence, its constitutional integrity and importance should be jealously safeguarded. The right of trial by jury should be as inviolate in the working of our courts as it is in the wording of our Constitutions.” Gibbs v. Girard (1913), 88 Ohio St. 34, 47, 102 N.E. 299. Instead of jealously safeguarding the right to trial by jury, the majority opinion in this case eviscerates it by holding constitutional a statute that enables courts to “enter judgments in disregard of the jury’s verdict.” Sorrell v. Thevenir (1994), 69 Ohio St.3d 415, 422, 633 N.E.2d 504. Instead of jealously safeguarding the right to trial by jury, the majority opinion employs shallow reasoning and shoddy logic in concluding that juries can meaningfully determine only facts that *325 do not conflict with predetermined assessments of the General Assembly. Instead of jealously safeguarding the right to trial by jury, the majority opinion “cleans the scalpel for the legislature to cut away unrestrainedly at the whole field of tort redress.” Meech v. Hillhaven W., Inc. (1989), 238 Mont. 21, 52, 776 P.2d 488 (Sheehy, J., dissenting).
The Fitch Law Firm and John K. Fitch; David A. Fitch; and Taft, Stettinius & Hollister, L.L.P., Stephen C. Fitch, and Celia M. Kilgard, for appellants.
Weston Hurd, L.L.P., and W. Charles Curley, for appellee.
Harris, Meyer, Heckman & Denkewalter, L.L.C., and Darrell L. Heckman, urging reversal for amicus curiae National Center for Victims of Crime.
The DiCello Law Firm and Robert F. DiCello, urging reversal for amicus curiae Ohio Association for Justice.
Tucker Ellis, L.L.P., Susan M. Audey, and Benjamin C. Sassé, urging affir-mance for amicus curiae Academy of Medicine of Cleveland & Northern Ohio.
Bricker & Eckler, L.L.P., Anne Marie Sferra, and Kara Herrnstein, urging affirmance for amici curiae Ohio Alliance for Civil Justice and Ohio Association of Civil Trial Attorneys.
Arbino at ¶ 163.
{¶ 68} The only way to bypass the Ohio Constitution and make changes to the tort system in Ohio would be by constitutional amendment. Unless and until that happens, arbitrary caps on damages are unconstitutional.
{¶ 69} This child was raped in a church office by a minister, and a duly empaneled jury established an appropriate level of compensation for the loss of her childhood innocence. We have no right to interfere with that process. Shame on the General Assembly. The children are watching. And I for one do not like what they are seeing.
{¶ 70} I would reverse the decision of the trial court and reinstate the judgment of the jury.
Pfeifer, J., concurs in the foregoing opinion.